UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
FREDDIE GONZALEZ,                                       :
                                                        :
                              Petitioner,               :
                                                        :          15-CV-8831 (VSB)
              -against-                                 :
                                                        :          **OPINION & ORDER**
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
                              Respondent.               :
--------------------------------------------------------X

Appearances:

Freddie Gonzalez
U.S.P. Lee
Jonesville, VA
*Pro Se Petitioner*

Michael Douglas Maimin
Jessica Rose Lonergan
Laurie Ann Korenbaum
United States Attorney's Office, SDNY
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

Petitioner Freddie Gonzalez ("Gonzalez" or "Petitioner") filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") seeking to vacate the sentence imposed upon him in his criminal case (Case No. 08-CR-684) by Judge Shira A. Scheindlin. (Doc. 1.)[1] Before me is the Report and Recommendation of United States Magistrate Judge Debra C. Freeman recommending that I deny the Petition, (Doc. 56, the "Report and Recommendation" or

---

[1] In this Opinion & Order I cite to documents from both the civil docket for this habeas petition and the criminal docket for the underlying offense. I cite to documents filed in the civil action by their docket number alone. When I cite to a document from the related criminal docket, I indicate such by citing the docket number and case number in the citation.

"Report"), and objections to the Report filed by Petitioner. (Doc. 61.) Because Petitioner fails to raise any proper objections to the Report and raises arguments that are not grounded in the record or the law, I ADOPT the Report in full and DENY the Petition.

## I.     Background

For purposes of this Opinion & Order, I assume familiarity with the underlying facts and analysis as set forth in Magistrate Judge Freeman's Report and Recommendation. Petitioner ultimately raises 18 grounds under which he asserts that he is entitled to the issuance of a writ of habeas corpus. (*See* Docs. 1, 3.) In the Report, Magistrate Judge Freeman summarizes these grounds as follows:

> **Ground 1:** Petitioner was denied the right to a speedy trial.
> **Ground 2:** The evidence was legally insufficient to support the verdict.
> **Ground 3:** The Government "sponsored" perjury before the Grand Jury.
> **Ground 4:** Petitioner's conviction was obtained by the Government's knowing use of perjury at trial.
> **Ground 5:** Petitioner was prejudiced by the Government's violation of an order to sequester witnesses.
> **Ground 6:** Petitioner's trial counsel was ineffective for failing to advise Petitioner of his right to testify at trial.
> **Ground 7:** Petitioner's trial counsel was ineffective for failing to advise Petitioner of his right to testify at the suppression hearing, or to allow him to so testify.
> **Ground 8:** Petitioner's trial counsel was ineffective for failing to conduct adequate cross-examinations of the four law-enforcement investigators who were involved in obtaining Petitioner's confession.
> **Ground 9:** Petitioner's due-process rights were violated because the Government relied on inconsistent theories to obtain convictions of Rodriguez and Petitioner.
> **Ground 10:** The district and circuit courts committed constitutional error by failing to satisfy themselves that they had Article III jurisdiction to hear the Government's case against Petitioner.
> **Ground 11:** The district and circuit courts erred by presiding over Petitioner's case without jurisdiction.
> **Ground 12:** Petitioner was denied the effective assistance of counsel by counsel's cumulative errors.
> **Ground 13:** Detective Braccini committed perjury before the Grand Jury.
> **Ground 14:** Petitioner's trial counsel was ineffective for failing to hire an expert witness to assist in the cross-examination of the Government's firearms analyst.
> **Ground 15:** Petitioner's due-process rights were violated by the Government's

2

> failure to release Brady or 3500 material.
> **Ground 16:** Petitioner's trial counsel was ineffective for failing to prepare for and conduct a cross-examination of the medical examiner.
> **Ground 17:** Petitioner's trial counsel was ineffective for failing to prepare for and conduct a cross-examination of the detective who recovered certain ballistics evidence that was then not preserved.
> **Ground 18:** Petitioner's trial counsel was ineffective for failing to review 3500 material with Petitioner and for consenting to an Order that prevented Petitioner from receiving his own copies of that material.

(Report 11–13.)[2]

On April 8, 2022, Magistrate Judge Freeman issued her Report recommending that I deny the Gonzalez's § 2255 Petition in its entirety and notified the parties that they had "fourteen (14) days from service of this Report to file written objections." (Report 58.) On April 18, 2022 Petitioner filed a motion for an extension of time to file objections to the Report. (Doc. 57.) On April 22, 2022, I granted Petitioner's request and ordered that "Petitioner shall file any objections to the Report and Recommendation on or before June 13, 2022." (Doc. 58.) On April 25, 2022, the case was reassigned from Magistrate Judge Freeman to Magistrate Judge Valerie Figueredo. On May 23, 2022, Petitioner filed a second motion for an extension of time to August 12, 2022, (Doc. 59), which I granted the following day, (Doc. 60). On July 6, 2022, Petitioner filed his objections to the Report. (Doc. 61.) The Government did not file any objections to the report, nor seek additional time to do so.

## II. Legal Standards

### A. *Review of a Magistrate Judge's Report*

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[2] I note that "[o]n April 13, 2016, the Government received an affidavit from Jeremy Schneider, Esq., one of Gonzalez's trial attorneys, which was also sworn to by David Greenfield, Esq., Gonzalez's other trial attorney." Magistrate Judge Freeman considered this affidavit in connection with issuing the Report.

magistrate judge." 28 U.S.C. § 636(b)(1)(C). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) (quoting 28 U.S.C. § 636(b)(1)(C)).

Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016); *see also Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)."); *Pena v. Rivera*, No. 05-CV-3109, 2006 WL 2529771, at *1 (S.D.N.Y. Aug. 31, 2006). General and conclusory objections are also only reviewed for clear error. *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations.*)*; *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) ("[G]eneral objection[s] [are] insufficient to obtain de novo review by [a] district court."). Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

### B. *Habeas Relief*

Title 28 U.S.C. § 2255 authorizes any prisoner in custody under sentence of a federal court "claiming the right to be released upon the ground that the sentence was imposed in

4

violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; [] (2) was entered by a court without jurisdiction to impose the sentence; [] (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255)). The petitioner in a Section 2255 proceeding bears the burden of proof by a preponderance of the evidence. *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (citing *Parke v. Raley*, 506 U.S. 20, 31 (1992)). A petitioner proceeding pro se is entitled to have his petition "read liberally and [] interpreted to raise the strongest arguments that [it] suggests." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Unless the motion, case files, and record "conclusively show that the prisoner is entitled to no relief," a court must "grant a prompt hearing" and make findings of fact and reach conclusions of law regarding the issues raised in the motion. 28 U.S.C. § 2255(b). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the movant] to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). Where the asserted basis for relief is ineffective assistance of counsel, a hearing is required only "where the petitioner has made a plausible claim" for a hearing. *Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (internal quotation marks omitted); *cf. Fermin v. United States*, 859 F. Supp. 2d 590, 602 (S.D.N.Y. 2012) (declining to hold hearing because the "[petitioner's] failure to provide specific facts about any conversations to support his claim suggest[ed] that a testimonial hearing would do nothing to reveal such facts"). The movant's assertions in support of the motion need not be

5

assumed credible if they are contradicted by the record. *See Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009) (collecting cases).

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. The question of ineffective assistance is determined by a two-part test. A defendant must demonstrate "(1) that counsel's performance was so unreasonable under prevailing professional norms that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment; and (2) that counsel's ineffectiveness prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Habbas*, 527 F.3d 266, 273 (2d Cir. 2008) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)). "*Strickland*'s two-prong test applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right." *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001). However, to demonstrate deficient performance of appellate counsel, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument. Counsel is not obliged to advance every nonfrivolous argument that could be made." *Id*. Instead, the petitioner must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). Evidence pertinent to a court's evaluation of a petitioner's ineffective-assistance claim may include "affidavits from former defense counsel regarding his strategy or explaining his conduct" and "affidavit[s] from the defendant" regarding defense counsel's conduct during trial court proceedings. *United States v. Capre-Herrera*, 249 F. App'x 881, 882 (2d Cir. 2007) (citing *United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir. 2003); *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)).

With respect to the first prong—deficient performance—the inquiry is "highly deferential" and requires that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. The petitioner seeking relief must overcome the "strong presumption" that counsel's performance fell "within the wide range of reasonable professional assistance," *i.e.*, that counsel's conduct reflected reasonable strategic choices. *Id*.

With regard to the second prong—prejudice—a reasonable probability of a different outcome means a "probability sufficient to undermine confidence in the outcome." *Id*. at 694. Specifically, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland*, 466 U.S. at 693); *see also Strickland*, 466 U.S. at 693 ("[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."). Moreover, "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Second Circuit precedent generally "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003).

Although a petitioner must satisfy both prongs to obtain relief, the Supreme Court has stated that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is

7

easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Brown v. Artuz*, 124 F.3d 73, 80 (2d Cir. 1997) (declining to address the first prong of *Strickland* on the ground that the defendant could not satisfy the prejudice prong).

### III. Discussion

Petitioner filed objections related to Magistrate Judge Freeman's findings on Grounds 1–4, 8, and 13–18. (*See* Doc. 61.) Specifically, Petitioner argues that: (1) Magistrate Judge Freeman improperly denied his ineffective assistance of counsel claims made with regard to Grounds 8, 14, and 16–18; (2) Petitioner's arguments with regard to Grounds 1–4, 13, and 15 should not have been procedurally barred because they are actually proper ineffective assistance of counsel claims; and (3) Ground 1 was improperly denied because Magistrate Judge Freeman incorrectly calculated the days to be excluded under the Speedy Trial Act. (Doc. 61.)

#### A. *Ineffective Assistance of Counsel Claims*

Although Petitioner identifies his arguments made under Grounds 8, 14, and 16–18, he fails to make any specific objections related to how the Report failed to adequately address these arguments. Instead, Petitioner simply repeats what he believes counsel failed to do or did poorly. (Doc. 61 at 11–15.) "To the extent . . . that the party . . . simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018). Therefore, I apply a clear error standard as to Grounds 8, 14, and 16–18 and find no clear error in Magistrate Judge Freeman's finding that "Petitioner has not met his burden to show that his counsel was constitutionally ineffective, under *Strickland*." (Report 35.)

With regard to Grounds 5–7 or 9–12, Petitioner does not assert any objections to

8

Magistrate Judge Freeman's findings. Therefore, I review the sections of the Report related to those grounds for clear error. *Owusu v. N.Y.S. Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009). After careful review, I find that the Magistrate Judge's findings as to Grounds 5–7 and 9–12 are well-reasoned and not clearly erroneous.

### B. *Speedy Trial Act Claim*

Petitioner objects to Magistrate Judge Freeman's calculation of the number of days that were not excluded pursuant to the Speedy Trial Act. (Doc. 61 at 2.) Petitioner "objects to the Magistrates calculation of only 47 days" and asserts that there were 1065 non-excludable days. (*Id.* at 2–3.) Petitioner does not cite to where in the Report the 47-day calculation occurs. I have reviewed the Report and nowhere in it does Magistrate Judge Freeman calculate the number of days that were not excluded under the Speedy Trial Act, let alone reach a finding of 47 days. Magistrate Judge Freeman found that "Petitioner has no basis to challenge Respondent's calculation that no more than 23 days of non-excludable delay pursuant to the Speedy Trial Act has passed" prior to trial. (Report 23 (cleaned up).) Magistrate Judge Freemen found that Petitioner did not have a basis to challenge the exclusion of time because he waived this argument by failing to move for dismissal prior to trial. (*Id.*)

Although Petitioner does not raise a proper objection to the Magistrate Judge Freeman's findings, I have independently reviewed his claims that time was not properly excluded and find that they have no merit. For example, Petitioner incorrectly asserts that time was not properly excluded between September 29, 2008 and April 1, 2009. (Doc. 61 at 3.) However, on September 29, 2008 time was excluded until April 1, 2009 so that counsel for Petitioner could make a presentation arguing against the death penalty to the Department of Justice. (Doc. 48-2 at 4:20-6:1.) Petitioner claims that "the court again failed to make an ends of justice finding on

9

the record" for continuances. Again, Petitioner is incorrect. The record is clear that when approving requests for continuances, Judge Scheindlin made specific findings, either in her endorsements or on the record during hearings, that the time for the continuance was being excluded in the interests of justice from the speedy trial clock. (*See* Docs. 48-3–48-22.) Accordingly, Petitioner has not raised a basis to challenge his conviction pursuant to the Speedy Trial Act.

### C.  *Remaining Claims*

Petitioner's final category of objections is that Grounds 1–4, 13, and 15 were not recognized by Magistrate Judge Freeman because she dismissed them as procedurally barred. (Doc. 61 at 2–11, 13.) I disagree. Magistrate Judge Freeman found that Petitioner was "procedurally barred from raising, under Section 2255, any claim that he could have raised on appeal but did not," including Grounds 1–4, 13, and 15. (Report 17–18.) Petitioner argues that Magistrate Judge Freeman erred because these Grounds should have been interpreted as ineffective assistance of counsel claims. (Doc. 61 at 2–11, 13.) However, the Report explicitly acknowledges that "Petitioner has argued that the reason the claims were not raised on his direct appeal was that his appellate counsel was ineffective for failing to raise them." (Report 20.) Magistrate Judge Freeman then devotes the next eleven pages explaining why even if these arguments were timely made, they must fail. (*Id.* 21–32.)

To successfully raise a claim of ineffective assistance of counsel "a habeas petitioner must satisfy a two-part test. First, he must show that his attorney's performance fell below an objective standard of reasonableness, and second, he must show that there is a reasonable probability that but for counsel's error, the outcome would have been different." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (cleaned up). Magistrate Judge Freeman finds that

10

"Petitioner has not shown that he was more likely to prevail on his defaulted claims than on the claims that his appellate counsel chose to assert." (Report 20.) Petitioner's objections fail to identify any flaws in the Report, and instead "simply re-state the relief sought . . . and conclude that the magistrate judge's conclusions are wrong." *Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *2 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999).

### IV.  Conclusion

For the foregoing reasons, I hereby ADOPT the Report of Magistrate Judge Freeman in its entirety and DENY the Petition.

The Clerk of Court is respectfully directed to terminate the open motions on the docket and to close the case.

SO ORDERED.

Dated: October 17, 2024
       New York, New York

_____
Vernon S. Broderick
United States District Judge